## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA CUTLER, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:10-4684 |
| | § | |
| LOUISVILLE LADDER, INC., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiffs Joshua and Kristina Cutler brought this products liability suit against Louisville Ladder, Inc. ("Louisville Ladder") and Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiffs filed a Motion for Partial Summary Judgment on Reasonableness and Necessity of Medical Bills and Services [Doc. # 24] ("Plaintiff's Motion"), to which Defendants have responded [Doc. # 27] and Plaintiffs have replied [Doc. # 32]. Defendants filed a Motion for Partial Summary Judgment [Doc. # 26] ("Defendants' Motion"), to which Plaintiffs have responded [Doc. # 30]. The motions are ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff's Motion should be **granted in part** and Defendants' Motion should be **granted in part** and **denied in part**.

## I.    BACKGROUND

Plaintiffs' Original Petition was filed in the 361st Judicial District Court of Brazos County, Texas, on October 21, 2010, and Defendants removed to this Court on November 23, 2010.[1]  Plaintiff's Petition alleges that, on or about October 11, 2009, Plaintiff Joshua Cutler was severely and permanently injured when a ladder he was using suddenly collapsed.  The ladder was manufactured by Louisville Ladder and sold by Wal-Mart.  Plaintiff Kristina Cutler, Joshua's wife, witnessed the accident.

Plaintiffs bring multiple claims against both Defendants, including claims for products liability, negligence, and breach of express or implied warranty.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[2]  "The court shall

---

[1] Notice of Removal [Doc. # 1]; Plaintiffs' Original Petition (Exhibit 5 to Notice of Removal) ("Petition").

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[4]  The moving party, however, need not negate the elements of the non-movant's case.[5]  The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[6]

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[7]  "An issue is material if its resolution could affect the outcome of the

---

[3]FED. R. CIV. P.  56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[4]*Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[5]*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[6]*Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal citations and quotations omitted).

[7]*Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[9]  However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"[10]  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[11]  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[12]  Instead, the nonmoving party must present specific facts which show "the existence of a genuine

---

[8]*DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[9]*Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[10]*Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

[11]*See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled on other grounds*, *Grand Isle Shipyards, Inc., v. Seacor Marine*, *LLC*, 589 F.3d 778 (5th Cir.2009).

[12]*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

issue concerning every essential component of its case."[13]  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[14]

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[15]   A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[16]

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only materials cited by the parties."[17]   "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary

---

[13]*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[14]*Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

[15]*See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

[16]*See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

[17]FED. R. CIV. P. 56(c)(3).

judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[18]

## III.  ANALYSIS

### A.  Defendants' Motion

Defendants' Motion seeks dismissal of (1) all claims asserted against Wal-Mart, and (2) all claims against Louisville Ladder except for design defect, negligent design, and breach of implied warranty of merchantability.[19]  In particular, they seek dismissal of Plaintiffs' claims for:

1.    manufacturing defect;
2.    negligent manufacturing;
3.    marketing defect;
4.    negligent failure to warn;
5.    negligent misrepresentation;
6.    express warranty;
7.    implied warranty of fitness;
8.    future medical expenses for Joshua Cutler;
9.    loss of earnings or future earning capacity for Joshua Cutler;
10.   costs of medical monitoring and prevention in the future for Joshua Cutler;
11.   future loss of consortium; and,
12.   loss of household services for Kristina Cutler.

---

[18]*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

[19]Defendants' Motion, at 1.

Plaintiffs' Response states that, based on the evidence developed in this case, Plaintiffs do not oppose summary judgment on the first eleven claims listed above. Summary judgment therefore will be granted as to claims # 1 through # 11 against both Defendants.

As for Defendants' summary judgment motion on the claim for loss of household services, Plaintiffs oppose the motion.  Defendants argue that a claim for household services involves the performance by a spouse of household and domestic duties,[20] and that Kristina Cutler's claim is "negated" by Plaintiffs' deposition testimony that, after the accident, Plaintiffs received household help from Kristina Cutler's parents and did not hire anyone to perform domestic duties.[21]  Plaintiffs oppose the motion, citing to Kristina Cutler's deposition testimony that Joshua Cutler's household duties included caring for the couple's small children by bathing, changing, wiping, and feeding them.[22]  Kristina Cutler testified that, although she received some help with domestic duties after the accident, that assistance did not

---

[20]*See Whittlesey v. Miller*, 572 SW.2d 665, 666 n.2 (Tex. 1978) ("The term 'services' is generally taken to include the performance by a spouse of household and domestic duties").

[21]Defendants' Motion, at 10.

[22]Response, at 1-2 (citing Deposition of Kristina Cutler (Exhibit 1 to Response), at 34-36).

replace all of Joshua Cutler's duties.[23]  Although somewhat conclusory, in context, this evidence demonstrates a genuine issue of material fact regarding Plaintiffs' claim for loss of household services.  Summary judgment is denied as to that claim.

To clarify the record for the balance of this litigation, Plaintiffs are required to advise the Court of all their remaining claims, specifically identifying the Defendant against which each claim is asserted and each operative theory.  Plaintiff's Petition is insufficient at this stage, as it pleads all claims against "Defendants" generally, without distinguishing between Louisville Ladder and Wal-Mart.

## B.    Plaintiffs' Motion on Reasonableness and Necessity of Medical Bills and Services

Plaintiffs seek summary judgment as to a damages issue, in particular, the amount of medical care expenses incurred in the past.  Plaintiffs seek summary judgment as to the reasonableness and necessity of Joshua Cutler's past medical bills and services, an issue that arises in the event Plaintiffs win a jury verdict on liability issues.  Under Texas law, recovery of medical expenses is limited "to those which have been or must be paid by or for the claimant."[24]

---

[23]Response, at 1-2 (citing Deposition of Kristina Cutler (Exhibit 1 to Response), at 34-36).

[24]*Haygood v. de Escabedo*, 356 S.W.3d 390, 398 (Tex. 2011) (construing TEX. CIV. PRAC. & REM. CODE § 41.0105).

First, Plaintiffs seek summary judgment as to Joshua Cutler's charges from St. Joseph Regional Health Center.  Plaintiffs originally submitted affidavits from St. Joseph's custodian of records stating that the charges for Joshua Cutler were $61,648.80 for October 11 through 22, 2009, and $31,905.14 for October 22, 2009 through February 28, 2010.[25]  However, Defendants' Response [Doc. # 27] pointed to "contractual adjustments" in the amount of $15,959.12, and double charges of $30,261.14, and therefore argued that the actual amount incurred was $47,333.68.  In their Reply, Plaintiffs agree that $47,333.68 is the correct amount for charges from St. Joseph's.  Summary judgment will be granted in this amount.

Second, Plaintiffs seek summary judgment as to Joshua Cutler's charges from Central Texas Sports Medicine.  Again, Plaintiffs original submission contained figures that Plaintiff now agrees are too high.  Although affidavits from Central Texas Sports Medicine's custodian of records stated that Joshua Cutler incurred charges of $6,576.00 for October 19 through November 30, 2009 and $734.00 for the period after November 30, 2009,[26] Defendants pointed to insurance credits and duplicate entries that reduce the amount actually incurred.  The parties now agree that $2,518.22 is the

---

[25]*See* Exhibits 1 and 2 to Plaintiffs' Motion.

[26]*See* Exhibits 3 and 4 to Plaintiffs' Motion.

correct amount actually incurred for Joshua Cutler's care at Central Texas Sports Medicine.[27]

The parties therefore agree that the amount of medical expenses actually incurred by Joshua Cutler is $49,851.90. Summary judgment is granted for Plaintiffs on the revised amount of $49,851.90.[28]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Doc. # 26] is **GRANTED in part** and **DENIED in part**. Specifically, summary judgment is granted dismissing by agreement Plaintiffs' claims of manufacturing defect; negligent manufacturing; marketing defect; negligent failure to warn; negligent misrepresentation; express warranty; implied warranty of fitness; future medical expenses for Joshua Cutler; loss of earnings or future earning capacity for Joshua Cutler; costs of medical monitoring and prevention in the future for Joshua Cutler; and

---

[27]Reply, at 2.

[28]Plaintiffs have not sought summary judgment on additional amounts incurred at, but not paid to, St. Joseph Regional Health Center or Central Texas Sports Medicine. *See* Reply, at 2. The Court does not reach the issue of the propriety of those additional sums.

future loss of consortium.  Summary judgment is **DENIED** on Plaintiffs' claim of loss of household services for Kristina Cutler.  It is further

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on Reasonableness and Necessity of Medical Bills and Services [Doc. # 24] is **GRANTED in part**.  The amount of medical expenses actually incurred by Joshua Cutler at St. Joseph Regional Health Center and Central Texas Sports Medicine, and paid by him or on his behalf, is $49,851.90.  It is further

**ORDERED** that on or before **July 16, 2012**, Plaintiffs must file an "Advisory to the Court" listing all remaining claims in this lawsuit, stating each theory asserted on each claim,  and specifying the Defendant or Defendants against which each theory is alleged.

SIGNED at Houston, Texas, this **5**th day of **July, 2012**.

Nancy F. Atlas
United States District Judge