# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA CUTLER, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:10-4684 |
| | § | |
| LOUISVILLE LADDER, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

On July 20, 2012, this Court entered a Memorandum and Order [Doc. # 45] excluding Michael Van Bree's Supplemental Report. On August 15, 2012, Defendant filed its "Motion for Reconsideration of Order Excluding Michael Van Bree's Supplemental Report and Limiting His Testimony Based Thereon and Motion to Extend Defendant's Expert Disclosure Deadline" [Doc. # 52], seeking reconsideration under Rule 59(e). Plaintiff filed a Response, *see* Doc. # 58, on August 19, 2012.

At Docket Call on August 20, 2012, the Court informed Defendant Louisville Ladder, Inc., that the motion was likely to be denied. However, the Court held the motion under advisement and told Defendant that it could file a Reply on or before August 22, 2012. Defendant has not filed a Reply.

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment.[1] Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention.[2]  A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[3] A Rule 59(e) motion "cannot be used to argue a case under a new legal theory."[4]  Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[5]

Defendant has submitted new evidence to the Court, including declarations from Michael Van Bree and from Plaintiff's counsel.  Having reviewed the parties' briefing, applicable legal authorities, and all matters of record, the Court finds that

---

[1] FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Plaintiff filed Documents # 164 and # 165 within 28 days of the Court's Memorandum and Order on March 16, 2012.  He later was granted leave to file Document # 169.  *See* Doc. # 172.

[2] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

[3] *Balakrishnan v. Bd. of Supervisors of Louisiana State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).

[4] *Id*. (citing *Ross*, 426 F.3d at 763).

[5] *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991)).

Defendant has not presented material evidence that was unavailable to Defendant before the Court's ruling. In addition, Defendant fails to clearly establish a manifest error of law or fact, or persuasive grounds to alter the Court's decision. The extraordinary remedy of reconsideration is unwarranted.

It is hereby

**ORDERED** that Defendant's Motion for Reconsideration of Order Excluding Michael Van Bree's Supplemental Report and Limiting His Testimony Based Thereon and Motion to Extend Defendant's Expert Disclosure Deadline [Doc. # 52] is **DENIED**.

SIGNED at Houston, Texas, this 6th day of **September, 2012**.

_____
Nancy F. Atlas
United States District Judge